IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-00631-MEH

GEORGINA SANTICH, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

VCG HOLDING CORP,
LOWRIE MANAGEMENT, LLLP, and
DENVER RESTAURANT CONCEPTS LP d/b/a PT'S SHOWCLUB,

    Defendants.

---

## DEFENDANTS' EXPEDITED MOTION TO STAY PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION

Defendants, VCG Holding Corp, Lowrie Management, LLLP, and Denver Restaurant Concepts LP ("Defendants"), by and through undersigned counsel, hereby file their Motion to Stay Proceedings Pending Ruling on Defendants' Motion to Compel Arbitration, as follows:

### COMPLIANCE WITH LOCAL RULE 7.1(A)

Counsel for Defendants conferred with Plaintiff's counsel through an exchange of emails on April 13, 2017. Counsel for Plaintiff advised that they oppose the motion to stay.

### INTRODUCTION

Defendant has moved to compel arbitration of Plaintiff's claims [Dkt. 20]. Pending ruling on that Motion, the Court should stay all proceedings, including, for example, any discovery relating to the merits of Plaintiff's claims or her efforts to proceed on a class and collective basis, until it decides whether Plaintiff is obligated to arbitrate her claims against Defendants. Discovery is premature and would waste judicial resources. If the Court determines that Plaintiff is obligated

to arbitrate, the case will be referred to arbitration where the arbitrator will oversee discovery. Additionally, requiring Defendants to incur the costs related to discovery and other pretrial matters will defeat the purpose of arbitration which is to avoid the inconvenience and costs associated with litigating in a judicial forum. Finally, since the arbitration agreement at issue contains a waiver of the right to proceed on a class and collective basis, any proceedings relating to these aspects of this lawsuit would directly contravene Defendants' right to enforce such a waiver. For each of these reasons, the Court should stay the proceedings until it has decided whether Plaintiff must arbitrate her claims.

## FACTUAL BACKGROUND

Plaintiff filed this suit in which she asserts claims that Defendants violated the Fair Labor Standards Act and similar Colorado statutes by failing to pay her overtime, among other claims. Plaintiff further seeks to represent a putative class of similarly situated individuals in Colorado, California, Florida, Illinois, Indiana, Kentucky, Main, and North Carolina who she alleges were likewise denied overtime compensation.

Defendants filed a Motion to Dismiss and to Compel Arbitration and to Strike Class and Collective Action Allegations ("Motion to Compel Arbitration") [Dkt. 20]. As set forth in the Motion to Compel Arbitration, Plaintiff agreed in her Entertainment Lease Agreement to resolve any controversy, dispute, or claim arising out of her lease or relating in any way to her performing and/or working at the Club at any time by binding arbitration. The Lease also provides that the arbitrator shall not consolidate more than one person's claim and may not preside over any form of representative, class or collective proceedings.

Despite the fact that this case has not been conditionally certified, Plaintiff has already indicated an intent to take overly broad discovery on an expedited basis. By letter dated March 22, 2017, Plaintiff requested Defendants to "immediately provide . . . a roster with contact information for all the dancers who have worked at each of the clubs at any time, from 2014 to present." **Exhibit A**.

If the Motion to Compel Arbitration is granted, Plaintiff will be obligated to arbitrate her individual claims in accordance with her agreement and her class and collective action claims would be dismissed. This outcome would obviate the need for any further proceedings in this Court. Accordingly, Defendants move to stay all proceedings until such time as the Court resolves Defendants' Motion to Compel.

## ARGUMENT AND AUTHORITIES

A. The FAA Requires A Stay Of Merits Discovery And Litigation Pending Resolution of Defendants' Motions to Compel Arbitration.

The FAA bars discovery into or litigation regarding the merits of a lawsuit while a motion to compel arbitration of those claims is pending. Once a motion to compel arbitration has been filed, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967). As the Supreme Court has explained, "[i]n so concluding, we honor not only the plain meaning of the statute, but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Id.* Thus, "a court is not to rule on the potential merits of the underlying claims." *AT&T Tech., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986).

Likewise, the FAA also precludes discovery into the merits during the pendency of a motion to compel arbitration. For example, the Eleventh Circuit has explained that "the party moving to enforce an arbitration provision [has] a right not to litigate the dispute in a court and bear the associated burden." *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1252 (11th Cir. 2004).

Other courts of appeal that have considered the question agree that the FAA requires the requested stay during the pendency of the motions to compel arbitration. The Ninth Circuit has held that the "FAA provides for discovery . . . in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999). Similarly, the Seventh Circuit explained that permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved puts the cart before the horse" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser,* 294 F.3d 849, 855 (7th Cir. 2002).

Permitting discovery not only infringes on the arbitrator's authority to manage discovery, it also undermines the very purpose of the arbitration agreement by that the parties agreed to avoid. *E.g., Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.,* 858 F.2d 648, 649-50 (11th Cir. 1988) (Tjoflat, J., concurring); *Alascom, Inc. v. ITT North Elec. Co.,* 727 F.2d 1419, 1422 (9th Cir. 1984) (holding that to require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes."); *Local 771, I.A.T.S.E. v. RKO*

*General, Inc., WOR Div.*, 546 F.2d 1107, 1113 (2d Cir. 1977) ("[T]he bargained-for purpose of arbitration . . . is the avoidance of litigation and its concomitant costs and delays.").

For these reasons, trial courts regularly stay discovery and other proceedings while a motion to compel arbitration is pending. *E.g. Daniels v. Dataworkforce LP*, 2014 U.S. Dist. LEXIS 135280, *5-6 (D. Colo. Sept. 25, 2014) (staying discovery pending resolution of motion to compel arbitration, because "[a]lthough . . . [p]laintiff has only sought a response to a single interrogatory, the court finds that even that interrogatory is burdensome and premature in light of the [pending motion]"); *Cravens v. Red Bull N. Am., Inc.*, 2006 U.S. Dist. LEXIS 86153 (D. Kan. 2006) (granting defendant's motion to stay all discovery pending a determination of its motion to compel arbitration); *Merrill Lynch, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (granting motion to stay discovery, vacating scheduling conference and deferring Rule 16 scheduling process pending resolution of a motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l S.A.*, 2001 U.S. Dist. LEXIS 9950 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *Andrus v. D.R. Horton, Inc.,* No. 2:12—CV-00098, 2012 WL 1971326, *3 (D. Nev. Jun. 1, 2012) (granting motion to stay discovery in "pending a determination of the motion to compel arbitration"); *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.,* No. Civ. A. 11-2681-KHV, 2012 WL 1253265, *2 (D. Kan. Apr. 13, 2012) ("Plaintiffs assert discovery would not be wasteful because discovery will occur regardless of whether the forum is in federal court or arbitration. The removal of the case to arbitration, however, shifts the responsibility to the arbitrator to oversee the process and determine the scope of discovery allowed. There is potential for wasted resources if the

previously conducted discovery is not allowed by the arbitrator."); *Hicks v. Citigroup, Inc.,* No. 11-1984, 2012 WL 254254, at *2 (W.D. Wash. Jan. 26, 2012) (relieving the defendants from responding to discovery requests that went "beyond the issue of whether the parties reached a valid agreement to arbitrate.").

B.     <u>The Court has the inherent power to stay proceedings as well.</u>

A court's power to stay proceedings is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers of Am. v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. N Am. Co.,* 299 U.S. 248, 254 (1936)). A court should not require a defendant to respond to discovery nor should a court consider the merits of a claim when the court is trying to decide whether arbitration should be compelled in the first instance.

In summary, it would violate the FAA, waste judicial resources, and undermine the purpose of the parties' agreement to arbitrate to allow proceedings in this case to continue while Defendants' Motion to Compel Arbitration is pending.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests this Court stay the proceedings pending resolution of whether Plaintiff must arbitrate her claims, including staying the scheduling conference currently scheduled for May 5, 2017.

Respectfully submitted this 14th day of April, 2017.

> JACKSON LEWIS P.C.
>
> *s/ Ryan P. Lessmann*
>
> Ryan P. Lessmann
> 950 17th Street, Suite 2600
> Denver, Colorado 80202
> Telephone: (303) 892-0404
> Facsimile: (303) 892-5575
> LessmannR@jacksonlewis.com
>
> Allan S. Rubin
> 2000 Town Center, Suite 1650
> Southfield, MI 48075
> Telephone: (248) 936-1900
> Facsimile:
> RubinA@jacksonlewis.com
>
> *ATTORNEYS FOR DEFENDANTS*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of April, 2017, a true and correct copy of the foregoing **DEFENDANTS' EXPEDITED MOTION TO STAY PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION** was served via CM/ECF on the following:

KILLMER, LANE & NEWMAN, LLP

Mari Newman
Darold W. Killmer
Andy McNulty
1543 Champa St., Ste. 400
Denver, CO 80202
mnewman@kln-law.com
dkillmer@kln-law.com
amcnulty@kln-law.com

*ATTORNEYS FOR PLAINTIFF*

                                         *s/AuCamya M. Parish*
                                         for Jackson Lewis P.C.