IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00631-RM-MEH

GEORGINA SANTICH,
JANEL ANDERSON,
JESSICA SAULTERS ARCHULETTA,
ADRIANNE AXELSON,
EMILY BACHELDER,
ALENA BAILEY,
RACHEL BERRY,
NICOLE BUJOK,
BRANDI CAMPBELL,
TALITA CATTO,
MELISSA CHAVEZ,
ARIEL CLINE,
MEGAN FITZGERALD,
AMANDA GABRIEL,
AMY GLINES,
JOHANNA GRISSOM,
AMANDA LIVINGSTON,
ARIELLE MANSFIELD,
CHADA MANTOOTH,
KARLA MARTINEZ,
CHRISTINA MASSARO,
ALEXIS NAGLE,
LAPORTIA OAKLEY,
GALE RAFFAELE,
AMRICA TERRELL,
PENNY WATKINS,
CASANDRA WINDECKER,
MELANIE TRACY,
PORSCHA GREEN,
AMANDA SHAFER,
ASHLEY WOZNEAK,
REBECCA RAIL,
ANDREA ABBOTT, and
KIMBERY HALE, all individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

VCG HOLDING CORP.,
LOWRIE MANAGEMENT, LLLP,

TROY LOWRIE,
MICHAEL OCELLO,
DENVER RESTAURANT CONCEPTS LP d/b/a PTs Showclub,
KENKEV II, INC. d/b/a PTs Showclub Portland,
INDY RESTAURANT CONCEPTS, INC. d/b/a PTs Showclub Indy,
GLENARM RESTAURANT, LLC d/b/a Diamond Cabaret,
GLENDALE RESTAURANT CONCEPTS, LP d/b/a The Penthouse Club,
STOUT RESTAURANT CONCEPTS, INC. d/b/a La Boheme, and
VCG RESTAURANTS DENVER, INC. d/b/a PT's All Nude,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiffs seek permission to file a surreply to Defendants' Reply in Support of its Motion to Dismiss and Compel Arbitration. ECF No. 132. Additionally, Plaintiffs argue they need additional discovery to properly respond to Defendants' reply. Because Defendants' reply makes arguments and presents evidence that directly rebuts the arguments Plaintiffs assert in their response, the Court denies Plaintiffs' motion.

## BACKGROUND

Plaintiffs—thirty-four adult dancers—initiated this collective action on March 10, 2017. Compl., ECF No. 1. In an Amended Complaint, Plaintiffs assert that Defendants improperly treated them as independent contractors in violation of the Fair Labor Standards Act and various state wage acts. Am. Compl. ¶¶ 125–94, ECF No. 65. Defendants responded to the Amended Complaint by filing a Motion to Dismiss and Compel Arbitration, ECF No. 74. According to Defendants, each Plaintiff signed binding arbitration agreements containing collective action waivers. *Id.* at 2.

On May 2, 2017, Plaintiffs filed a Motion to Defer Consideration on Defendants' Motion to

Compel, ECF No. 46. Plaintiffs asserted they needed additional discovery before being able to respond to Defendants' motion. *Id.* at 8. At a Discovery Conference on May 4, 2017, the Court granted in part and denied in part Plaintiffs' motion. Courtroom Minutes, ECF No. 53. Specifically, the Court ordered that Plaintiffs must file a response to Defendants' motion to compel arbitration without the requested discovery. However, the Court permitted Plaintiffs to file a surreply if they learned relevant information from Defendants' discovery responses.

Plaintiffs filed their response on June 19, 2017. ECF No. 105. Plaintiffs assert that the Court, not an arbitrator, should determine whether this case is arbitrable. *Id.* at 7–8. Additionally, Plaintiffs contend the agreements between the parties are unenforceable due to procedural and substantive unconscionability. *Id.* at 8–19. Plaintiffs submitted affidavits in support of their procedural unconscionability argument. *Id.* at 9–14. These affidavits allege, *inter alia*, managers rushed Plaintiffs through the agreements, Defendants presented the agreements as "take it or leave it," and Plaintiffs were forced to sign the agreements after they had been drinking and while they were working. *Id.* at 9–11. Plaintiffs contend the agreements are substantively unconscionably, because they require Plaintiffs to split fees and costs with Defendants. *Id.* at 14–19. Plaintiffs also assert the arbitration clause's class action waiver is illegal under the NLRA and FLSA and that the non-signatory Defendants cannot enforce the arbitration provision. *Id.* at 4–6, 24–28.

Defendants filed a reply brief on July 10, 2017. ECF No. 120. Defendants argue that the arbitrator must decide whether this case is arbitrable, because Plaintiffs' challenges relate to the agreements as a whole. *Id.* at 2–4. Additionally, Defendants rebut Plaintiffs' argument that the agreements are unconscionable by attaching affidavits of current and former employees. *Id.* at 12–18.

3

On July 21, 2017, Plaintiffs filed the present Motion for Leave to File Surreply. ECF No. 132. According to Plaintiffs, the Court should permit them to submit a surreply, because they have not previously seen the affidavits or videos Defendants attached to the reply brief. *Id.* at 4. Additionally, Plaintiffs argue they need additional discovery before they can file a surreply. *Id.* at 4–6. Specifically, they request depositions of a sample of Defendants' declarants and video recordings for every Plaintiff who has signed a contract within the last three years. *Id.* Plaintiffs also seek all contracts that show the dancers had an ability to negotiate terms. *Id.* at 5. Defendants respond that the evidence attached to their reply rebuts arguments Plaintiffs made in their response. Resp. to Mot. for Surreply 2–3, ECF No. 133.

## **ANALYSIS**

"[W]hen a moving party advances in a reply new reasons and evidence in support of its motion," courts can either grant the nonmoving party an opportunity to respond or decline to rely on the new material when deciding the motion. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998). However, a surreply is improper when arguments made in a reply brief respond directly to arguments the opposing party asserted in its response brief. *Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993–94 (D. Colo. 2014).

Here, the Court denies Plaintiffs' request for a surreply, because Defendants' arguments and evidence respond directly to the arguments Plaintiffs make in their response. First, the Court notes that Plaintiffs do not seek a surreply to incorporate information learned through their recent discovery requests. Therefore, although the Court contemplated a surreply during the May 4, 2017 Discovery Conference, Plaintiffs do not seek a surreply for the reasons discussed at the hearing.

Additionally, each of Defendants' argument sections in their reply brief specifically rebuts

4

arguments Plaintiffs made in their response. Defendants' contention that the arbitrator must decide arbitrability was first addressed by Plaintiffs on pages seven and eight of the response. Defendants' assertion that most Plaintiffs have not challenged the making of the agreements responds to the affidavits Plaintiffs attached to their response. Defendants' contention that the arbitration clause is not unconscionable rebuts Plaintiffs' argument that it is. Similarly, Plaintiffs first discussed who can enforce the arbitration clause and the illegality of the class action waiver.

Furthermore, that Defendants submitted new evidence to rebut Plaintiffs' affidavits does not entitle Plaintiffs to a surreply. "[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for [granting the motion], reply papers—both briefs and affidavits—may properly address those issues." *Altamirano*, 41 F. Supp. 3d at 993 (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 n.1 (7th Cir. 1996)). Indeed, permitting a surreply to respond to rebuttal evidence would create endless briefing where each party would get another opportunity to respond to the opposing party's recently submitted evidence.

Plaintiffs cite *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117 (10th Cir. 2003) to support their argument. Mot. for Surreply 4. There, the Tenth Circuit recognized that a party opposing a motion has the right to respond to new materials attached only to a reply brief. *Doebele*, 342 F.3d at 1139 n.3. However, the new material in that case supported the defendant's pretext argument, which the defendant made in its motion. *Id.* Here, the affidavits do not support arguments Defendants made in their motion; instead, they rebut arguments Plaintiffs made in their response brief. For example, Defendants do not argue in their motion that the arbitration clause is not unconscionable. Plaintiffs raise this argument for the first time in their response brief.

5

Accordingly, the Tenth Circuit's concern that an opposing party would not have an opportunity to respond to material submitted in support of the moving party's arguments does not apply here. Plaintiffs had an opportunity to respond to each of Defendants' affirmative arguments when they filed their response brief.

## **CONCLUSION**

In sum, Plaintiffs are not entitled to a surreply, because Defendants' reply brief and attached exhibits directly rebut arguments Plaintiffs made in their response. Accordingly, Plaintiffs' Corrected Motion For Leave to File Surreply to Defendants' Reply in Support of Motion to Stay Discovery or Dismiss and Motion for Court Facilitated Discovery Conference [filed July 21, 2017; ECF No. 132] is **denied**. The Motion Hearing currently scheduled for August 14, 2017 is **vacated**.

Entered and dated at Denver, Colorado, this 10th day of August, 2017.

BY THE COURT:

_Michael E. Hegarty_
_____
Michael E. Hegarty
United States Magistrate Judge