IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00631-RM-MEH

GEORGINA SANTICH, et al.,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

VCG HOLDING CORP, et al.,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on the following matters after the Colorado Supreme Court issued its opinion on a certified question addressing equitable estoppel[1]: (1) Defendants' Motion to Stay or Dismiss Proceedings Pursuant to Sections 3 and 4 of the Federal Arbitration Act, to Compel Plaintiffs[] to Arbitration, and to Strike Class and Collective Action Allegations" (the "Motion to Compel"),[2] to which a Recommendation[3] has been made and the Court has addressed (the "Order") except as to the issue of equitable estoppel[4]; (2) Plaintiffs' Motion to Proceed Against VCG Holding Corp and Lowrie Management, LLLP, and to Stay Arbitration

---

[1] ECF No. 195.
[2] ECF Nos. 74 (original), 212 (re-docketed upon reopening after administrative closure). As the parties are aware, this case was administratively closed after the Court certified the question of equitable estoppel to the Colorado Supreme Court. This case was reopened after the Colorado Supreme Court issued its opinion and the Court ordered the relevant Motion to Compel and other related filings reinstated for resolution. *See* D.C.COLO.LCivR 41.2 (Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion.)
[3] ECF Nos. 149 (original), 222 (re-docketed).
[4] ECF Nos. 183 (original), 229 (re-docketed).

against Individual Club Defendants ("Plaintiffs' Motion to Stay") (ECF No. 200); and (3) Defendants' Motion to Stay Case Pending Decision in Related Arbitration Proceedings (Defendants' Motion to Stay") (ECF No. 202) (the latter two motions, collectively, "Motions to Stay"). Upon review of the pending matters, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I. BACKGROUND

The parties are well versed with the lengthy background which precedes this Order so it will only be briefly repeated here. Plaintiffs filed this action against signatories and non-signatories to individual arbitration agreements. Defendants, then consisting of signatory Defendant Denver Restaurant Concepts LP d/b/a PTs Showclub's and nonsignatory Defendants VCG Holding Corp. and Lowrie Management, LLLP,[5] moved to dismiss or stay this proceeding and compel Plaintiffs to arbitration. As relevant to the issues here, relying primarily on the Colorado Court of Appeals' decision in *Meister v. Stout*, 353 P.3d 916 (Colo. App. 2015), the Magistrate Judge recommended that Plaintiffs be compelled to arbitrate as to not only the signatories but also the nonsignatories to the arbitration agreements. As to the nonsignatory Defendants, the recommendation was based on equitable estoppel, i.e., Plaintiffs could be estopped from avoiding arbitration, without establishing detrimental reliance.

Plaintiffs objected to the recommendation arguing, among other things, that the question of whether detrimental reliance was required should be certified to the Colorado Supreme Court. The Court agreed, certified the question, and deferred addressing the Motion to Compel, the

---

[5] As indicated in footnote 1 of the Court's August 20, 2018, Order, the parties agreed their arguments and the Court's findings and orders would apply to all defendants, including those eight defendants who were not identified as movants in the Motion to Compel. All Defendants have apparently been served. Thus, as used herein, unless indicated otherwise "Defendants" refer to all Defendants.

recommendation concerning equitable estoppel, and Plaintiffs' related objection as to their argument regarding the nonsignatory Defendants until the Colorado Supreme Court determined whether it would agree to answer the question certified and, if so, a written opinion given.[6] The Colorado Supreme Court accepted jurisdiction over the certified question of law and held "that Colorado's law of equitable estoppel applies in the same manner when a dispute involves an arbitration agreement as it does in other contexts"; therefore, detrimental reliance by the nonsignatory is required. *Santich v. VCG Holding Corp.*, 443 P.3d 62, 64 (Colo. 2019). Thus, the Court will now address the deferred issue. In addition, in light of the Court's resolution of the deferred issue, it addresses the parties' competing requests to stay either the arbitrations or this action.

## II. ANALYSIS

### A. The Motion to Compel, Recommendation, and Objection

The Motions to Stay assume either the nonsignatory Defendants may not compel arbitration (Plaintiffs) or the issue has not been and need not be resolved (Defendants). The Court finds the issue has not been resolved, but needs to be. Upon consideration of the issue, in light of the Colorado Supreme Court's holding, Plaintiffs' objection is sustained and the recommendation to compel arbitration based on equitable estoppel as to the nonsignatory Defendants is rejected as they failed to show any detrimental reliance.[7] Defendants' Motion to Stay, however, contends they raised "other arguments" in support of arbitrating the claims

---

[6] The question certified was: "What elements must be established by a nonsignatory to an arbitration agreement in order for the doctrine of equitable estoppel to apply and thereby require a signatory to an arbitration agreement to arbitrate claims brought against a nonsignatory?" *Santich v. VCG Holding Corp.*, 443 P.3d 62, 64 n.1 (Colo. 2019).
[7] Indeed, Defendants failed to address the four requirements or show they have been met. (*See* ECF No. 212, pp. 14-16.)

against the nonsignatories. (*See, e.g.,* ECF No. 232, p. 2, citing to ECF No. 202, pp. 6-7.) The Court's review shows one other possible argument Defendants raised which the recommendation did not address in light of its conclusion that equitable estoppel applied – that of agency[8] – which the Court will now address.

The Colorado Supreme Court has recognized that one of the "limited circumstances in which a nonsignatory to an arbitration agreement may compel a signatory to arbitrate" includes "agency." *Santich*, 443 P.3d at 65. Defendants' argument that the nonsignatory Defendants may compel arbitration where there is an agency relationship between a signatory and a non-signatory to an arbitration agreement, however, was cursory and conclusory and cited, without discussion, to *MSPBO, LLC v. Garmin Int'l, Inc.*, No. 13-cv-02287-PAB-KMT, 2014 WL 4477931 (D. Colo. Sep. 11, 2014). As Plaintiffs argued, that case is inapposite. In fact, the *MSPBO* court found that "Garmin fail[ed] to set forth a legal theory or supporting facts under which MSPBO, a non-signatory, could be bound by the agreement's arbitration clause." *Id.* at *4. The Court makes the same finding as to the nonsignatory Defendants. Here, Defendants failed to identify the requirements to establish an agency theory, or facts which meet such requirements sufficient to allow the nonsignatory Defendants to compel Plaintiffs to arbitrate. Instead, they simply rely on the proposition that a parent-subsidiary relationship exists. Such alleged relationship, without more, is insufficient. *See MSPBO, LLC*, 2014 WL 4477931, at *3-4 (finding assertions which included that one person created both entities with the principal places of business as the creator and that the nonsignatory was not a functioning business were

---

[8] The Magistrate Judge found, correctly, that it "need not discuss Defendants' argument that the signatory Defendants are agents of the nonsignatory Defendants." (Recommendation, ECF No. 149, p. 23 n.8.)

insufficient to bind nonsignatory under any theory).  Accordingly, Defendants' alternate theory also fails.  In summary, Defendants' Motion to Compel arbitration as the nonsignatory Defendants is denied.

**B.  The Motions to Stay**

Plaintiffs' Motion to Stay seeks to stay their individual arbitrations against the "Individual Club Defendants" (all signatory Defendants) while allowing this action to go forward against the nonsignatory Defendants.  Defendants contend the Court has already ruled that the individual arbitrations are to go forward, and they should move forward now.  Moreover, Defendants' motion argues the action before this Court should be stayed.  The Court agrees the arbitrations should go forward and that this case should not proceed, but finds that an administrative closure is more appropriate.

In its Order, the Court found the signatory Defendants may compel Plaintiffs to arbitrate but stayed the matter pending a determination by the Colorado Supreme Court on the question certified.  That question has now been answered.  Plaintiffs raise a myriad of arguments of why the arbitrations should be stayed and this case should move forward, none of which the Court finds persuasive.

For example, Plaintiffs argue that piecemeal resolution may be "required" to "give effect to an arbitration agreement," citing to *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, (1985).  That may be true, but Plaintiffs fail to show why that would require this Court to stay the individual arbitrations.  In fact, the statement in *Dean Witter* addressed "affirming an order requiring enforcement of an arbitration agreement, even though the arbitration would result in bifurcated proceedings," *id.*, which supports compelling the parties to arbitrate and staying this

5

action even as against the nonsignatory Defendants. Further, under 9 U.S.C. § 3, once a court is "satisfied that the issue involved in such suit…is referable to arbitration… [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had…."

Plaintiffs argue that "if" they obtain complete relief in litigation against the nonsignatory Defendants the arbitrations will not be necessary while Defendants argue that resolution of claims in arbitration may result in resolving the claims in litigation. That may be true as to both arguments. But, under Plaintiffs' argument, that would effectively eviscerate the parties' agreement to arbitrate. And one reason why the Court finds more persuasive Defendants' argument that this litigation – rather than the arbitrations – should be put on hold. Requiring Plaintiffs to arbitrate requires them to do no more than what they had contractually agreed to do, thus giving effect to the arbitration agreements.

As for Plaintiffs' claim of prejudice because the Court allegedly would have to wait until all Plaintiffs completed their arbitration to lift the stay,[9] they fail to show why the Court would have to wait. Once a Plaintiff completed her arbitration, if she wishes to return to court to continue her action against Defendants, she may do so.[10] The "case administration" difficulties are no more than if 34[11] individual lawsuits had been filed. This District handles thousands of cases a year. As for Defendants' argument that once a Plaintiff's arbitration is concluded, she would be barred from preceding here, the Court is not so certain. For example, if a Plaintiff prevailed in arbitration but the signatory Defendant is judgment proof, surely she would want to

---

[9] Or, in this case, reopen the administratively closed case.
[10] The Court expresses no opinion on the viability or merits of such claims. And, as discussed further herein, the Court recognizes that if a Plaintiff lost her arbitration, any preclusive effects of the arbitration proceedings would be at issue.
[11] By Plaintiffs' count, as stated in their motion.

6

return to court to proceed against the nonsignatory Defendants.[12] Accordingly, no undue prejudice to Plaintiffs has been shown by allowing the arbitrations to proceed while this case is administratively closed.

Finally, as to the parties' arguments concerning efficiency and economy as between the two proceedings, the Court finds the comparison is of apples and oranges. In the Court's view, here, the issue isn't one of whether it would be more economical to which party or the Court as between moving forward with which of the two proceedings; instead, the issue is whether Plaintiffs should abide by their agreement and arbitrate their claims before the arbitrator. The answer to that question is "yes." Then, the next issue is whether the remaining part of this case should be "stayed" or move forward.

In evaluating this next issue, the Court agrees with Plaintiffs that their claims against the nonsignatory Defendants do not fall within the mandatory stay under 9 U.S.C. § 3. But the Court nonetheless has discretion to enter a stay. And, on this issue, the Court finds it should consider efficiencies and economies and finds it would be more economical and efficient to close this litigation rather than to have both proceedings occurring concurrently for the parties.[13] *See Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1518 (10th Cir. 1995) (Staying a nonarbitrating "party is based upon considerations of judicial efficiency," and the court's control of its own docket.). In fact, no party advocates moving forward with both proceeding simultaneously even

---

[12] See n.10, *supra*.
[13] Defendants propose – and Plaintiffs dispute – using the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The Court finds it need not decide its application as finds that closure is appropriate here as stated above. And, assuming these factors apply, they serve to reinforce the Court's conclusion. Namely, no party supports simultaneous proceedings; staying or closing this part of the proceeding would not prejudice Plaintiffs or burden Defendants; it would be convenient for the Court; and the interests of non-parties and the public interest are neutral.

though the *Santich* Court recognized that their "answer to the certified question may result in piecemeal litigation in which related claims simultaneously proceed in court and arbitration." *Santich*, 443 P.3d at 66 n.2.[14] Moreover, the closure of this litigation would avert any concerns about simultaneous inconsistent rulings as between the arbitrations and this litigation. And, as the claims against the signatory Defendants are the same as those against the nonsignatory Defendants, resolution of the claims in arbitration may have a preclusive effect on the claims pending in litigation. For example, if the arbitrator found against a Plaintiff in favor of an Individual Club Defendant, an argument may be made by the nonsignatory Defendants that claim or issue preclusion applies.[15] *See Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) (applying res judicata based on arbitration award); *In Matter of Water Rights,* 361 P.3d 392, 398 (Colo. 2015) (setting forth requirements for application of claim preclusion doctrine); *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001) (setting forth requirements for application of issue preclusion). These factors weigh in favor of a stay of the litigation against the nonsignatory Defendants. *See Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2009) (stay of entire proceeding, even nonarbitrable claim, appropriate where resolution of arbitrable claim will have a preclusive effect).

In summary, "[i]n some cases…it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district

---

[14] Plaintiffs also argue about what "could" happen, such as the filing of consents to join in only the nonarbitrable claims and amending the complaint accordingly to allege such claims. The Court expresses no opinions on such possibilities and declines to speculate about them or what effect they may have in this proceeding.
[15] Without a full record, the Court cannot say what preclusive effects may apply, but nonetheless finds there is a sufficient showing of the likelihood of preclusive effects to support a stay.

court…as a matter of its discretion to control its docket." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983). The Court finds this is such a case. However, the Court finds a stay equivalent, *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987),[16] is appropriate and will administratively close this case, subject to reopening for good cause. D.C.COLO.LCivR 41.2.

## III.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) As to the matters which were DEFERRED in the Court's Order of August 20, 2018 (ECF No. 229),[17] that Order is *supplemented* as follows:

   (a) That Plaintiffs' objections in their "Combined Objection to Magist[r]ate Judge's Recommendation on Defendants' Motion to Compel Arbitration [Doc. 149] and Motion to Certify to the Colorado Supreme Court" (ECF No. 223[18]) is SUSTAINED as to their arguments regarding the nonsignatory Defendants as stated herein;

   (b) That the Recommendation of United States Magistrate Judge (ECF No. 222[19]) is REJECTED IN PART as stated herein;

   (c) That Defendants' Motion to Stay or Dismiss Proceedings Pursuant to Sections 3 and 4 of the Federal Arbitration Act, to Compel Plaintiffs[] to Arbitration, and to

---

[16] *See also Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (recognizing "the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)" (quotation marks and citation omitted)).
[17] Originally docketed as ECF No. 183.
[18] Originally docketed as ECF No. 162.
[19] Originally docketed as ECF No. 149.

9

Strike Class and Collective Action Allegations" (ECF No. 212[20]) is DENIED IN PART as stated herein, i.e., that nonsignatory Defendants including VCG Holding Corp. and Lowrie Management LLLP may NOT compel Plaintiffs to arbitrate;

(d) That Plaintiffs' Expedited Motion to Proceed as a Conditional Collective Action, to Provide Notice, and to Toll all Statutes of Limitations (ECF No. 61) is also DENIED AS MOOT as to the nonsignatory Defendants;

(2) That Plaintiffs' Motion to Proceed Against VCG Holding Corp and Lowrie Management, LLLP, and to Stay Arbitration against Individual Club Defendants (ECF No. 200) is DENIED and Plaintiffs and the signatory Defendants shall proceed to arbitration in accordance with the parties' arbitration clauses;

(3) That Defendants' Motion to Stay Case Pending Decision in Related Arbitration Proceedings (ECF No. 202) is GRANTED to the extent stated herein; and

(4) That pursuant to D.C.COLO.LCivR 41.2, the Clerk shall ADMINISTRATIVELY CLOSE this case, subject to a motion to reopen for good cause.

DATED this 30th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[20] Originally docketed as ECF No. 74.