IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00631-RM-MEH

GEORGINA SANTICH, et al., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

VCG HOLDING CORP, et al.,

    Defendants.

---

**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION**

---

This matter is before the Court on Plaintiffs' "Motion for Partial Reconsideration of March 30, 2020 Order [Doc. 234]" (the "Motion") (ECF No. 235) which is now fully briefed. Upon consideration of the Motion, and being otherwise fully advised, the Court finds and orders as follows.

**I.     BACKGROUND[1]**

By Order dated March 30, 2020, as relevant here, the Court ordered (the "Order") (1) Plaintiffs to proceed to arbitration on their claims against Defendants who are signatories to the arbitration agreements and (2) the case administratively closed as to claims against the remaining Defendants – the nonsignatories to the arbitration agreements. Plaintiffs now move for reconsideration, arguing the claims against the nonsignatory Defendants should be allowed to go forward because, at the time of the Order, there was one person (DeAnna Case) who consented

---

[1] The matters and issues which precede this Order are many and varied; this Order assumes the reader's familiarity with such history.

to join (opted-in) this putative collective action but only as to claims against the nonsignatory Defendants.[2] In other words, Plaintiffs apparently now purportedly consist of two groups: (1) individuals who assert claims against all Defendants (signatories and nonsignatories to arbitration agreements) and (2) one individual (Ms. Case) who asserts claims against only the nonsignatory Defendants. Plaintiffs contend Ms. Case would be prejudiced if she is prevented from going forward with the nonarbitrable claims, the only claims which she contends she has consented to join.

Plaintiffs' Motion argues the Court "overlooked" that Ms. Case had consented to join only the nonarbitrable claims and requests the Court to modify its Order and allow the claims against the nonsignatory Defendants to proceed by not only Ms. Case but also apparently all Plaintiffs and all others who subsequently consent to join this action against only the nonsignatory Defendants. Further, subsequent to the Order, Plaintiffs filed an additional consent to join by Lyndsey Saxon, limited to claims against the nonsignatory Defendants.[3]

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration.' But that is not to say that such motions are prohibited. After all, 'a district court always has the inherent power to reconsider its interlocutory rulings' before final judgment is entered." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023-24 (10th Cir. 2018) (citations omitted). And, in considering such interlocutory motions, "the district court is not *bound* by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)." *Id.* at 1024 (emphasis added) (quotation marks and

---

[2] ECF No. 233.
[3] ECF No. 236.

citation omitted). That is not to say, however, that the court may not consider such standards. *See generally Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008) (affirming district court's decision not to review its prior ruling upon that court's finding that "'considerations of fairness and judicial economy clearly outweigh[ed] Plaintiff's interest in getting a second (or third) bite at the summary judgment apple'"). After all, the Court has broad discretion. *Spring Creek*, 887 F.3d at 1024.

### III. DISCUSSION

Defendants oppose Plaintiffs' Motion raising three arguments. The Court addresses them in turn.

*Waiver.* Defendants argue Plaintiffs waived this argument concerning Ms. Case because they could have but did not raise it earlier. As Defendants assert, and the Court agrees, Plaintiffs "sat on their hands" and "stood idly by."[4] Plaintiffs could have advised the Court that one party purportedly opted-in only as to the claims against the nonsignatory Defendants but did not. Instead, Plaintiffs argued about what "could"[5] happen, failing to advise the Court that it did happen for at least one party. Plaintiffs' argument that they put the Court on "notice" by their filing of the consent, but the Court overlooked it, is not well taken. This would have required the Court to search the record and update Plaintiffs' argument – tasks which belonged to Plaintiffs. *Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."). Accordingly, on this record, Plaintiffs' Motion is denied. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration is not appropriate vehicle to

---

[4] ECF No. 237, p. 5.
[5] ECF No. 210, p. 10.

3

"advance arguments that could have been raised in prior briefing"); *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) ("motion for reconsideration is not…an opportunity for the losing party to raise new arguments that could have been presented originally"). But Defendants' second argument also merits discussion and further supports the denial of Plaintiffs' request.

    ***The Limited Opt-In.*** Defendants assert that by her consent Ms. Case opted into the entire action as a whole and not just to those Defendants she chose, i.e., the nonsignatory Defendants. Defendants argue that if Ms. Case wishes to customize which Defendants she wishes to sue she can file her own lawsuit. Plaintiffs respond the cases cited by Defendants are inapposite and what a person opts into is to be interpreted by her consent. In other words, there is no barrier to picking and choosing.

    Plaintiffs may argue they may do so, but they fail to convince the Court they can do so. Plaintiffs provide no cases which support their position. Instead, Plaintiffs attempt to distinguish *Prickett v. DeKalb Cty.*, 349 F.3d 1294 (11th Cir. 2003), cited by Defendants, by relying on the subsequent decision of *Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir. 2007). Neither one of these cases guides the Court in the direction in which Plaintiffs would have it go.

    In *Albritton* the issue was whether a consent to opt-in in one specifically identified FLSA case carried over into two other FLSA lawsuits filed three years later, albeit against the same defendants. After examining the consents, the Eleventh Circuit found the language of the forms limited the consent to joining the original lawsuit and not the new actions. In *Prickett*, the issue was whether the opt-in plaintiffs had joined in only the two FLSA claims which were raised in the complaint at the time they opted-in or whether their consent covered a third FLSA claim that

was later added in an amendment. The Eleventh Circuit found the consent applied to the additional claim relying on two rationales. First, because the "plain language" of 29 U.S.C. § 216(b) "indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole." *Prickett*, 349 F.3d at 1297. Second, "[m]oreover," the language of the consent forms the opt-in plaintiffs signed indicated "they consented to have the named plaintiffs adjudicate all of their claims for overtime compensation under [the] FLSA." *Id*. *Albritton* addressed *Prickett's* second rationale, not its first.[6]

      The Court's independent research revealed no controlling case law on the issue, but it is persuaded by the plain language in Section 216(b). Specifically, Section 216(b) provides that "[a]n action to recover the liability [under the FLSA] may be maintained against any employer" by one or more employees. And, by consenting in writing (opting-in) an employee may become a party plaintiff "to any such action." The phrase "any such action" refers to an action under the FLSA. Thus, when an employee opts-in, he or she opts-into the entire FLSA action.

      In this case, the amended complaint raises six claims, only one of which is brought under the FLSA: the First Claim which is directed against all Defendants.[7] Ms. Case's "limited" consent purports to opt-in to the FLSA claim[8] but only as against the nonsignatory Defendants. In other words, to only *part* of the claim, i.e., action. This position is unsupported by the plain language of Section 216(b). Accordingly, Ms. Case may not do so.[9]

      Moreover, even assuming the FLSA allows Ms. Case (and Ms. Saxon) to opt-in to only a part of the FLSA claim, any alleged prejudice is of their own making. Ms. Case's consent was

---

[6] *Albritton* did not need to address the first rationale.
[7] The other claims are based on various state statutes or on common law.
[8] The consents speak of FLSA "claims" but there is only one FLSA claim.
[9] The same holds true as to Ms. Saxon.

filed when the competing motions to stay was pending – she understood a stay of the action was requested as to the nonsignatory Defendants but nonetheless joined the action. Further, Plaintiffs represent[10] that Ms. Case could refile a new action, thus avoiding any claimed prejudice. As for Ms. Saxon (or any other limited consents which Plaintiffs may now file) she consented to join *after* the Court issued its Order. Thus, she elected to join an action which had already been administratively closed. Assuming such consent is valid[11] – she cannot now be heard to complain.

***Third-Party Beneficiary.*** As a final argument, Defendants contend the nonsignatory Defendants are third-party beneficiaries of Ms. Case's arbitration agreement. Thus, Defendants assert Ms. Case has only arbitrable claims. In light of the rulings above the Court finds it need not reach this argument.

### IV.     CONCLUSION

Based on the forgoing, it is **ORDERED** that the "Motion for Partial Reconsideration of March 30, 2020 Order [Doc. 234]" (ECF No. 235) is **DENIED**.

DATED this 2nd day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[10] The Court makes no findings as to what Ms. Case can or cannot do.
[11] The Court renders no opinion as to the effect or validity of the limited consent, e.g., whether it effectively becomes a consent as to the entire FLSA claim. The Court decides only that an employee may not consent to part of an FLSA claim.