# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-00631-RM-MEH

GEORGINA SANTICH, et al.,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

VCG HOLDING CORP, et al.

    Defendants.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is as follows:

### I.    RECITALS

WHEREAS, Plaintiffs Georgina Santich ("Santich") filed a civil action on March 10, 2017, individually and on behalf of all other allegedly similarly situated persons, against Defendants VCG Holding Corp., Lowrie Management LLLP, and Denver Restaurant Concepts, LP d/b/a PT's Showclub ("Original Defendants"), in the United States District Court for the District of Colorado ("District Court"), Case No. 1:17-cv-00631 (the "Action"); and

WHEREAS, on May 12, 2017, Santich filed an amended complaint (ECF No. 65), naming an additional 33 persons as Plaintiffs, including Janel Anderson, Jessica Saulters Archuletta, Adrianne Axelson, Emily Bachelder, Alena Bailey, Rachel Berry, Nichole Bujok, Brandi Campbell, Talita Catto, Melissa Chavez, Ariel Cline, Megan Fitzgerald, Amanda Gabriel, Amy Glines, Johanna Grissom, Amanda Livingston, Arielle Mansfield, Chada Mantooth, Karla Martinez, Christina Massaro, Alexis Nagle, Laportia Oakley, Gale Raffaele, Amrica Terrell, Penny Watkins, Casandra Windecker, Melanie Tracy, Porscha Green, Amanda Shafer, Ashley Wozneak, Rebecca Rail, Andrea Abbott, and Kimberly Hale ("Additional Plaintiffs"). Since then, an additional 11 persons have opted into the Action: Allison Bonham Stebbing, DeAnna Case, Maria Cassino, Alexandra Darr, Mia Enman, Samantha Hattlestad, Meghan Kaye, Jessica Mason, Lyndsey Saxon, Holly Siegel, and Stephanie Yerman ("Opt-In Plaintiffs"). For purposes of this Agreement, Santich, the Additional Plaintiffs, and the Opt-In Plaintiffs are collectively referred to as "Plaintiffs"; and

WHEREAS, in their amended complaint Plaintiffs named as additional Defendants Troy Lowrie, Michael Ocello, KenKev II, Inc. d/b/a PT's Showclub Portland, Indy Restaurant Concepts, Inc. d/b/a PT's Showclub Indy, Glenarm Restaurant LLC d/b/a Diamond Cabaret, Glendale

Restaurant Concepts LP, d/b/a The Penthouse Club, Stout Restaurant Concepts, Inc. d/b/a La Boheme, and VCG Restaurant Denver, Inc. d/b/a PT's All Nude ("Additional Defendants"). For purposes of this Agreement, the Original Defendants and the Additional Defendants are referred to as the "Defendants" and the "Plaintiffs" and "Defendants" are collectively referred to as the "Parties," with each one being a "Party"; and

WHEREAS, Plaintiffs allege that they performed at various adult entertainment clubs owned or operated by Defendants ("Clubs") and that the Defendants misclassified them as independent contractors when they should have been treated as employees. As a result, Plaintiffs allege that Defendants violated various state and federal laws, and have sought recovery of wages, tips, overtime pay, liquidated damages, costs, attorney fees, and penalties under both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and various state wage and hour laws, as well as under various common laws under the laws of the states of California, Colorado, Florida, Illinois, Indiana, Kentucky, Maine, and North Carolina (collectively, the "Claims"); and

WHEREAS, Defendants have denied Plaintiffs' allegations that they misclassified Plaintiffs or that the Plaintiffs are owed anything by Defendants; and

WHEREAS, the Parties engaged in extensive motion practice before the District Court over issues related to arbitration, including a referral to the Colorado Supreme Court on a question certified by the District Court; and

WHEREAS, on June 24, 2019, the Colorado Supreme Court issued an Opinion holding that an equitable estoppel argument raised by a nonsignatory to a contract who seeks to enforce an arbitration provision must be supported by all four traditionally defined elements of equitable estoppel; and

WHEREAS, on March 30, 2020 the District Court ruled that nonsignatory Defendants including VCG Holding Corp. and Lowrie Management LLLP may not compel Plaintiffs to arbitrate under a theory of equitable estoppel, and stayed and administratively closed the Action pending arbitration with the individual clubs, as stated in ECF No. 234; and

WHEREAS, the Parties subsequently agreed to mediate the various Claims prior to submitting them to individual arbitration. In preparation for mediation, the Parties engaged in extensive informal discovery, including the exchange of records related to the Plaintiffs' performances at the Clubs, and the Plaintiffs retained an expert to assist them in preparing a damage model; and

WHEREAS mediation occurred on March 9, 2021 before the Hon. William Downes (Ret. U.S. Dist. Court. Judge). Following mediation, the Parties continued to engage in settlement discussions and have agreed to resolve the Claims of Plaintiffs, subject to the approval of the District Court ("Settling Plaintiffs"). Settling Plaintiffs believe this Agreement is in their respective best interests, and is a fair and reasonable resolution of their Claims; and

WHEREAS Defendants deny all allegations that they violated any law and further deny any liability to any Plaintiff. This Agreement was negotiated with the understanding that the settlement memorialized herein (the "Settlement") does not constitute an admission or an adjudication of wrongdoing or liability; and

WHEREAS this Agreement was negotiated between persons with substantial adverse interests, who/which were represented by experienced counsel; who were fully informed of their legal rights, as well as the issues and evidence involved in this Action; and who/which negotiated in good faith at arms-length to resolve bona fide disputes and controversies between them about both liability and damages. By reason of such disputes, the Parties desire to compromise and settle, fully and finally by execution of this Agreement, all Claims which were alleged, or which could have been alleged in the Action, or which otherwise exist between them. The Parties stipulate and agree that the Settlement is reasonable due to the uncertainty of Plaintiffs' Claims, which Defendants dispute.

## II.   TERMS OF THE AGREEMENT

In consideration of the promises and mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration**.

   A. In consideration for the execution of this Agreement and the terms and covenants contained herein, each Settling Plaintiff accepts in full and final settlement and compromise for her Claims, the amount of the "Settlement Payment" specified in **Addendum A, Individual Entertainer Addendum to Settlement Agreement** ("Addendum A"). The Settlement Payments specified in Addendum A are in full settlement of all of the respective Settlement Plaintiff's Claims, remuneration for wages, tips, attorneys' fees and costs, as well as for compensatory, liquidated and punitive damages, and shall be reported to the Settling Plaintiff on a IRS Form 1099. Payments for attorneys' fees and costs shall be reported to the Settling Plaintiffs' counsel via an IRS Form 1099. Settling Plaintiffs and their counsel shall, upon execution of this Agreement, supply Defendants with a current IRS Form W-9.

   B. Settling Plaintiffs acknowledge and agree that they are solely responsible for any and all federal, state and local taxes owed on any of the payments made to them through this Settlement, whether such taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the tax laws; that no withholdings of any kind are to be made, or will be made, by Defendants from such payments; and that the classification of payments to them for tax purposes and the payment of taxes on such proceeds of settlement as set forth in Paragraphs 1(A) and (B) is proper and is a material term of this Agreement that they have sought and negotiated. Settling Plaintiffs expressly acknowledge and agree that each of them is relying upon his/her own legal and/or tax advisors, and not upon Defendants or their attorneys, with respect to all tax aspects of this Agreement.

   C. Defendants agree to make the Settlement Payments set forth in Addendum A as follows:

(i) Defendants shall make payments in amounts equal to fifty percent (50%) of that Plaintiff's Settlement Payment, made payable in two checks in amounts as set forth Addendum A (one payable to the Settling Plaintiff; and one to Killmer, Lane & Newman, LLP for her fees and costs). Such payments shall be made within thirty (30) days of the latter of: (a) delivery of an executed copy of Addendum A to this Agreement signed by all Settling Plaintiffs to Defense Counsel; (b) delivery of all current IRS Form W-9's called for in this Agreement to Defense Counsel; and (c) the District Court's approval of the Settlement;

(ii) Within six (6) months after the first payment, Defendants shall make payments to each Settling Plaintiff and her counsel for the remaining fifty percent (50%) of that Plaintiff's Settlement, made payable in two checks in amounts as set forth Addendum A (one payable to the Settling Plaintiff; and one to Killmer, Lane & Newman, LLP for her fees).

D. Defendants may prepay any payment called for under Paragraph 1(C) without penalty.

E. If Defendants fail to timely make any of the above payments, Plaintiffs' counsel shall so notify counsel for Defendants and Defendants shall have five (5) days from the date such notice is given within which to make payment. Should Defendants fail to make payment within five days of the date such notice was given, Defendants voluntarily confess to the entry of judgment against them, jointly and severally. Said judgment shall provide that Plaintiffs shall also be entitled to interest at the statutory rate, compounded annually, from the date of default, along with all costs and reasonable attorney's fees arising out of Plaintiffs' counsel's efforts to collect the judgment. Except for payment delays caused in whole or part by an act of g_d, force majeure, or as a result of a temporary or permanent closure order (full or partial) issued to any Defendant in response to the ongoing COVID-19 pandemic, if the Defendants fail to make any payment required under Paragraph 1(C) of this Agreement, any judgement entered against the Defendant may include as part of the award judgment awarded to any Settling Plaintiffs, an additional amount as liquidated damages, up to $5,000 or up to one and one-half (1.5x) the amount of the outstanding amounts payable to the Settling Plaintiff (excluding attorney fees or costs), whichever is greater, as set forth in the induvial Addendum A.

2. **<u>No Consideration Absent Execution of this Agreement.</u>** Each Settling Plaintiff understands and agrees that she would not receive the Settlement Payment specified for her in Addendum A except for her execution of this Agreement and the fulfillment of the promises and obligations contained herein.

3. **Release of Claims.**

A. <u>Release by Settling Plaintiffs</u>.  Settling Plaintiffs, for themselves and for all of their heirs, agents, assignees, and anyone claiming by, for, on behalf of, or through them, knowingly and voluntarily release, acquit, and forever discharge Defendants, along with all of their respective owners, partners, general partners, limited partners. shareholders, members, managers, officers, directors, agents, attorneys, representatives, affiliates, licensors, current and former employees, related companies, predecessors, successors, insurers, and assignees, along with any other person or entity who/that may be liable to Settling Plaintiffs for the Claims alleged, or which could have been alleged in the Action, whether such Claims were pursued in the District Court, in arbitration, or in any other forum, and regardless of whether such Claims were, are, or could be brought either individually or in their business capacities, as well as any of their respective employee benefit plans and programs and the administrators and fiduciaries thereof (collectively referred to throughout the remainder of this Agreement as "the Releasees"), of and from any and all Claims, demands, and causes of action, of any conceivable kind, nature and description whatsoever, whether existing or potential, whether fixed or contingent, whether currently asserted or not, recognized now or hereafter, and whether expected or unexpected,  that Settling Plaintiffs had, have, or perceive themselves to have, from the beginning of time up to the date of the execution of this Agreement (all collectively the "Released Claims"). The release granted by this provision is a general release and includes any and all Released Claims that were or that could have been alleged in the Action, including, but not limited to, all Claims arising under: (a) the Fair Labor Standards Act, 29 U.S.C. 201 et. seq.; (b) any federal, state, or local statute or regulation, including but not limited to, any state or federal law relating to labor, employment, or wages; (c) any federal, state or local wage order; (d) public policy, contract, tort, or common law; (e) any federal or state discrimination or retaliation law; or (f) any other basis for recovering damages, wages, penalties, costs, fees, or other expenses, including attorneys' fees incurred in the Action. This is a general release. It shall be interpreted as broadly as the law permits.

If any Claim is not subject to release, to the extent permitted by law Settling Plaintiffs covenant not to sue any Releasee for any Claim that would otherwise be released by this Agreement. In addition, Settling Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a Claim in which any Releasee identified in this Agreement is a party, and expressly waive their right to the recovery of any proceeds from any such proceeding.  If a Settling Plaintiff is included in a class for any Claims released hereby, she shall opt out at the first opportunity.

B. <u>Release by Defendants</u>. Defendants, along with all of their respective owners, partners, general partners, limited partners, shareholders, members, managers, officers, directors,  agents, attorneys, representatives, affiliates, related companies, predecessors, successors, insurers, and assignees, knowingly and voluntarily release, acquit, and forever discharge Settling Plaintiffs, themselves and all of their heirs, agents, assignees, and anyone or entity who/that may be liable to Defendants, for any claims or counterclaims that could have been alleged in the Action, whether such claims or counterclaims were pursued in the District Court, in arbitration, or in any other forum, and regardless of whether such claims or counterclaims were, are, or could be brought either individually or in their business capacities, of and from any and all claims, counterclaims, demands, and causes of action, of any conceivable

kind, nature and description whatsoever, whether existing or potential, whether fixed or contingent, whether currently asserted or not, recognized now or hereafter, and whether expected or unexpected, that Defendants, along with all of their respective owners, partners, general partners, limited partners. shareholders, members, managers, officers, directors, agents, attorneys, representatives, affiliates, licensors, related companies, predecessors, successors, insurers, and assignees, had, have, or perceive themselves to have, from the beginning of time up to the date of the execution of this Agreement.

    4.    **Dismissal of Action.**  Upon complete execution of this Agreement the Parties agree that Plaintiffs' counsel will cause to be filed with the District Court a Joint Motion to Approve Settlement. After Defendants have fully satisfied their payment obligations under Paragraph 1(C). of this Agreement, the Parties will file a joint motion to dismiss this Action, with prejudice and without fees and costs, on behalf of each Settling Plaintiff. Should the District Court not approve the Settlement, the Parties agree that they will have forfeited no rights and will revert to their status as it existed on May 4, 2021, and the matter will be returned to arbitration consistent with ECF No. 234. All Parties consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of this Agreement, including the entry of judgment as set forth above.

    5.    **Acknowledgments and Affirmations.**

Each Settling Plaintiff:

    a)    Affirms that the Settlement Payment she will receive in a fair, just and adequate compromise of disputed claims that she has brought, asserted, or could have asserted in the Action, including all claims against any Releasee and all such claim are fully fairly and finally satisfied;

    b)    Affirms that she has not filed, caused to be filed, or is presently a party to any Claim against Defendants or any of the Releasees, with any local, state, or federal agency or court, except for the Action referenced above; and

In addition, both Settling Plaintiffs and Defendants acknowledge that this Agreement does not limit any Party's right, where applicable, to file or to participate in an investigative proceeding of any federal, state, or local governmental agency. But to the extent permitted by law, Settling Plaintiffs each agree that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

The Parties waive all appeals arising out of the approval of this Settlement. As a result, upon approval of this Settlement and assurance of the consideration to be paid hereunder, settling Plaintiffs' Claims will be fully and finally resolved.

    6.    **Confidentiality/Covenant not to Publicize/ Motion For Court Approval.** The Parties acknowledge that settlement of Claims brought under the Fair Labor Standards Act generally has been held to require approval by a court. In seeking approval of this Settlement, the Parties agree that they will first seek to file the Settlement Agreement under seal. pursuant to the terms of a Protective Order. In the event that the District Court requires that this Agreement be made part of the public record for the Action, the Parties and their respective attorneys and representatives agree not to: (a) publicize the terms of this Agreement to any person, newspaper, magazine, radio or television

station, Internet site, blog site or other posting site, and/or (b) advise any present or former employees or Independent Professional Entertainer ("IPE") of the Releasees of the terms of Settlement, except as required by law. Notwithstanding the forgoing, upon inquiry from third parties the Parties may indicate that this dispute was "resolved."

Nothing contained herein shall be construed to prevent the disclosure of the amount and terms of Settlement to the Parties' accountants, auditors, financial advisors, spouse, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so. Should Settling Plaintiffs', however, make such disclosure, they shall inform the person and/or entity to whom they make such disclosure of their obligation to maintain the information confidentially.

**7.     No Re-Employment/Contracting With Releasees**. Settling Plaintiffs agree that they are not eligible to contract as an IPE with any Releasee because of amongst other reasons, irreconcilable difference between them. Should any Settling Plaintiff be contracted as an IPE, this Agreement shall serve as a legitimate non-discriminatory and non-retaliatory reason for Releasee not to contract or enter into any business relationship with them. Notwithstanding the forgoing, nothing in this Agreement shall prevent any Settling Plaintiff from applying for or being hired as an employee of any Releasee (including as an entertainer), provided that nothing in this Agreement shall compel any Releasee to hire any Settling Plaintiff.

The foregoing Paragraph 7 shall not apply to those Plaintiffs specifically designated in the attached **Addendum A-Individual Entertainer Addendum to the Settlement Agreement** ("Excluded Settling Plaintiff"), and Defendants shall instruct all hiring personnel that should such Excluded Settling Plaintiff seek to contract with a club operated by any Defendant, no factor relating to her participation in this action may be considered in whether or how to contract or employ such entertainer. Should any Defendant club decline to contract or hire any Settling Plaintiff, it shall provide a legitimate, non-retaliatory justification for such decision, provided however, the obligation to provide a legitimate non-retaliatory justification to an Excluded Settling Plaintiff for not contracting or hiring her shall not apply to any Released Entity, or any successor thereof, where the majority of assets or stock and operating control of the Released Entity has been sold to a bona-fide third party.

**8.     Governing Law and Interpretation**. This Agreement shall be governed by the laws of the State of Colorado, without regard to its conflict of laws provisions. In the event of a breach of this Agreement, any Party may institute an action to specifically enforce the terms hereof and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and that provision cannot be modified to be enforceable, excluding the general release language, such provision shall be deemed null and void, leaving the remainder of this Agreement in full force and effect. If the general release is found to be unenforceable, it shall be modified so that it is enforceable to the fullest extent permitted by law. If the release granted to the Releasees cannot be reformed, then this Agreement shall be deemed null and void and any funds paid to the Settling Plaintiffs pursuant to this Agreement shall be immediately returned by them to the Defendants. Should any Settling Plaintiff or a person acting on her behalf seek to declare any portion of this Agreement unenforceable, it shall be a condition precedent to bringing such action for the Settling Plaintiff to return all

consideration paid to her, including costs and attorneys' fees, to Defendants before initiating such action.

      **9.**    **Construction**. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, extensive, arms' length negotiations between the Parties and that the terms of this Agreement shall not be construed in favor of or against any Party by reason of the extent to which such Party or his, her, or its counsel participated in the drafting of this Agreement.

      **10.**    **Integrated Agreement**. This Agreement constitutes the entire agreement and understanding between the Parties relating to the Settlement and the transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein and held for naught. No rights hereunder may be waived except in writing.

      **11.**    **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of consideration for this Agreement shall be deemed or construed as an admission by any Defendant or Releasee of wrongdoing, or evidence of liability or unlawful conduct of any kind. Rather, each of the Parties hereto has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault by the Defendants or the Releasees, each of whom/which expressly denies any liability, wrongdoing, impropriety, responsibility or fault of any kind or nature whatsoever.

      **12.**    **Amendment**. This Agreement may not be modified, altered, or changed except in writing signed by all Parties wherein reference is made to this Agreement.

      **13.**    **Counterparts and Signatures**. This Agreement is intended to be executed in counterparts. Each Settling Plaintiff shall execute Addendum A indicating her acceptance of and consent to the terms of this Agreement and her acceptance of the consideration to be paid to her under it as stated in Addendum A. When each Party has executed, respectively, either this Agreement or Addendum A, each such execution shall be deemed an original and, when taken together with other signed counterparts or Addendum A's, shall constitute one Settlement Agreement, which shall be binding and effective upon the Parties. Signatures sent by facsimile, scanned signatures in Portable Document Format sent by email, or by electronic signature through DocuSign or other electronic means, shall be deemed original signatures.

      **14.**    **Notices**. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by the Parties shall be in writing and shall be addressed as follows:

      ***To Settling Plaintiffs:***
      Mari Newman
      Killmer, Lane & Newman, LLP
      1543 Champa St., Ste. 400
      Denver, CO 80202

(303) 571-1000
mnewman@kln-law.com

***To Defendants***:

Allan S. Rubin
Jackson Lewis P.C.
Attorneys for Defendants
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com

**15.** **Mutual Cooperation**. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to execution of such documents and taking of such other actions as may be reasonably necessary to fully implement the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement, and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after full execution of this Agreement, Settling Plaintiffs' counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the District Court's approval of the Settlement contemplated herein upon completion of the execution of this Agreement.

**16.** **Acknowledgement**. Settling Plaintiffs have:

a. Read and fully considered this Agreement and the release language contained in Paragraph 3 herein, and desire to enter into this Agreement;

b. Been advised to consult with their attorney prior to execution of this Agreement and have done so; and

c. Freely and knowingly, after due consideration, entered into this Agreement intending to Waive, Settle, and Release all Claims that she had, has, or may have, against Defendants and Releasees as of the date of execution of this Agreement.

[*Signatures to Follow on Next Page*]

In witness whereof, the Parties have executed this Agreement as of the date set forth below or on the attached **Addendum A-Individual Entertainer Addendum to the Settlement Agreement.**

| **Counsel for Settling Plaintiffs** | **Counsel for Defendants** |
|---|---|
| KILLMER, LANE & NEWMAN, LLP | JACKSON LEWIS P.C. |

Signed: *Mari Newman*  
_____  
Mari Newman  
Liana Orshan  
1543 Champa St., Ste. 400  
Denver, CO 80202  
(303) 571-1000  
(303) 571-1001 fax  
mnewman@kln-law.com  
lorshan@kln-law.com

Signed: _____  
Allan S. Rubin  
2000 Town Center, Suite 1650  
Southfield, MI 48075  
Telephone: (248) 936-1900  
Facsimile: (248) 936-1901  
Allan.rubin@jacksonlewis.com

Ryan P. Lessmann  
950 17th Street, Suite 2600  
Denver, CO 80202  
Main: (303) 892-0404  
Direct: (303) 225-2418  
Ryan.lessmann@jacksonlewis.com

Dated: __July 2, 2021_____, 2021

Dated: _____, 2021

**THE DEFENDANTS**

| **VCG Holding Corp.** | **Lowrie Management LLLP** |
|---|---|
| Signed: | Signed: |

_____     _____  
By: _____     By: _____  
Its: _____     Its:  
Dated: _____, 2021          _____  
                                        Dated: _____, 2021

In witness whereof, the Parties have executed this Agreement as of the date set forth below or on the attached **Addendum A-Individual Entertainer Addendum to the Settlement Agreement.**

| **Counsel for Settling Plaintiffs** | **Counsel for Defendants** |
|---|---|
| KILLMER, LANE & NEWMAN, LLP | JACKSON LEWIS P.C. |

Signed: _____

Mari Newman
Liana Orshan
1543 Champa St., Ste. 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
mnewman@kln-law.com
lorshan@kln-law.com

Dated: _____, 2021

Signed: _____

Allan S. Rubin
2000 Town Center, Suite 1650
Southfield, MI 48075
Telephone: (248) 936-1900
Facsimile: (248) 936-1901
Allan.rubin@jacksonlewis.com

Ryan P. Lessmann
950 17th Street, Suite 2600
Denver, CO 80202
Main: (303) 892-0404
Direct: (303) 225-2418
Ryan.lessmann@jacksonlewis.com

Dated: _____July 2_____, 2021

**THE DEFENDANTS**

**VCG Holding Corp.**

Signed: _____
By: Troy Lowrie
Its: CEO
Dated: 6-11-21, 2021

**Lowrie Management LLLP**

Signed: _____
By: Troy Lowrie
Its: Pres. of General Partner
Dated: 6-11-21, 2021

**Denver Restaurant Concepts, LP**
**d/b/a PT's Showclub**

Signed:

By: Troy Lowrie
Its: CEO of General Partner
Dated: 6-11-21, 2021

**Indy Restaurant Concepts, Inc.**
**d/b/a PT's Showclub Indy**

Signed:

By: Troy Lowrie
Its: President
Dated: 6-11-21, 2021

**Glendale Restaurant Concepts, LP**
**d/b/a The Penthouse Club**

Signed:

By: Troy Lowrie
Its: CEO of General Partner
Dated: 6-11-21, 2021

**VCG Restaurant Denver, Inc.**
**d/b/a PT's All Nude**

Signed:

By: Troy Lowrie
Its: President
Dated: 6-11-21, 2021

**Michael Ocello, an Individual**

Signed:

Michael Ocello
Dated: 6-11-21, 2021

**KenKev II, Inc.**
**d/b/a PT's Showclub Portland**

Signed:

By: Troy Lowrie
Its: President
Dated: 6-11-21, 2021

**Glenarm Restaurant LLC**
**d/b/a Diamond Cabaret**

Signed:

By: Troy Lowrie
Its: Manager
Dated: 6-11-21, 2021

**Stout Restaurant Concepts, Inc.**
**d/b/a La Boheme**

Signed:

By: Troy Lowrie
Its: President
Dated: 6-11-21, 2021

**Troy Lowrie, an Individual**

Signed:

Dated: 6-11-21, 2021